IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nancy C. Moore,                              )   Civil Action No.: 6:15-cv-2430-BHH
                                             )
                             Plaintiff,      )
                                             )
                  v.                         )   **OPINION AND ORDER**
                                             )
Carolyn W. Colvin, Commissioner of          )
Social Security,                             )
                                             )
                             Defendant.      )
_____             )

Plaintiff Nancy C. Moore ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald, for pretrial handling. On July 8, 2016, the Magistrate Judge issued a Report and Recommendation ("Report" or "R&R") in which he determined that Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 20.) Plaintiff filed Objections on August 3, 2016. (ECF No. 23.) For the reasons stated below, the Court adopts the Report and affirms the Commissioner's decision.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.[1] Plaintiff was 38 years old on her alleged disability onset date. She completed the ninth grade, attended special education classes, and can read and write. She has a driver's license and no limitations on driving. Plaintiff has past relevant work as a waitress and cashier.

On January 10, 2012, Plaintiff filed an application for DIB benefits and SSI benefits alleging a disability since January 1, 2009, due to the following severe impairments: lumbar degenerative disc disease, degenerative arthritis, bilateral hands, fibromyalgia/polyarthralgia, obesity, bilateral sensorineural hearing loss, depression, anxiety, and borderline intellectual functioning. (Tr. at 14.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on February 14, 2014, finding Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on June 16, 2015.

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 20 at 26.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole

---

[1] Unless otherwise noted, the following background is drawn from the Report.

or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v.*

*Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff filed objections to the Report and Recommendation on August 3, 2016. (ECF No. 23.) She objects that the Magistrate Judge erred in finding that the ALJ properly afforded little weight to the opinions of Plaintiff's treating psychiatrist, Geera Desai, M.D. ("Dr. Desai"), and Plaintiff's treating rheumatologist, Amir Agha, M.D. ("Dr. Agha"). Very respectfully, this objection is one of the precise matters previously raised to the Magistrate Judge and appropriately rejected in his thorough twenty-six page Report. (*See* ECF Nos. 17 at 8–11; 20 at 13–18); *see also Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C.

May 17, 2011); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Nevertheless, the Court employs *de novo* review to consider Plaintiff's specific objection.[2]

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see* SSR 96–2p; *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006). However, the Fourth Circuit has not mandated an express discussion of each factor, and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." *Hendrix v. Astrue*, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); *see* § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating physician's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." *Craft v. Apfel*, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

---

[2] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Plaintiff argues that the opinions of Dr. Desai and Dr. Agha are supported by the evidence in Plaintiff's medical records and are therefore entitled to controlling weight under SSR 96-2p. (ECF No. 23 at 1–2.) She briefly summarizes the evidence that she considers to be consistent with their opinions, but offers no further analysis. (*Id.*)

Upon review, the Court finds that the ALJ's assessment of the opinions of Dr. Desai and Dr. Agha is supported by substantial evidence. The ALJ thoroughly evaluated the opinions of these doctors in her comprehensive twenty-two page decision. (Tr. at 28–30.) The ALJ noted the factors she needed to consider when analyzing the opinion of a treating source and gave "good reasons" for her decision to not give controlling weight to the opinions of Dr. Desai and Dr. Agha. (Tr. at 28–30); *see* § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion).

With respect to Dr. Desai, the ALJ found that his opinion that Plaintiff's back pain, anxiety and depression limits her from any kind of employability is not supported by the medical evidence of record, nor the record as a whole. (Tr. at 28–29.) She discussed the evidence she found inconsistent with his opinions, including the findings of a state agency consultative examiner, notes from other mental exams Plaintiff received in 2012 and 2013, and Plaintiff's own testimony at the ALJ hearing. (Tr. at 29.) According to the ALJ, the overwhelming evidence indicates that Plaintiff "showed anxiety and some decreased concentration, but not many more symptoms or limitations," and, further, that Plaintiff is capable of many "daily activities which were not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (Tr. at 29.)

The ALJ likewise found that Dr. Agha's opinion that Plaintiff is unable to perform any full time work even at a sedentary level is not supported by the medical evidence of

record, nor the record as a whole. (Tr. at 30.) Here, she discussed inconsistencies in Dr. Agha's treatment notes and noted that Plaintiff's physical exams showed only mild limitations at most. (Tr. at 30.)

The Court finds no error in the ALJ's assessment of these opinions. Plaintiff's objection is essentially an invitation to the Court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this Court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). Plaintiff's objection is therefore overruled.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objection to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this Order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

August 17, 2016
Greenville, South Carolina